# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**CHARLES D. AUSTIN**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7810**<br>**MDD_CDAChambers@mdd.uscourts.gov** |

May 10, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Marie T. v. Martin O'Malley, Commissioner, Social Security Administration*
       Civil No. 23-1320-CDA

Dear Counsel:

On May 18, 2023, Plaintiff Marie T. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 10) and the parties' briefs (ECFs 12, 14, 15). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the SSA's decision and REMAND the case to the SSA for further consideration. This letter explains why.

## I.      PROCEDURAL BACKGROUND

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on August 16, 2020, alleging a disability onset of January 1, 2019. Tr. 10, 213–26. Plaintiff's claims were denied initially and on reconsideration. Tr. 112–19, 132–39. On November 15, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 38–56. Following the hearing, on November 28, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 7–30. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this

---

[1] 42 U.S.C. §§ 301 et seq.

*Marie T. v. O'Malley*
Civil No. 23-1320-CDA
May 10, 2024
Page 2

process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since January 1, 2019, the alleged onset date." Tr. 12. At step two, the ALJ found that Plaintiff suffered from severe "schizoaffective disorder, depressive type; posttraumatic stress disorder (PTSD); obesity; and obstructive sleep apnea." Tr. 13. The ALJ also determined that Plaintiff suffered from non-severe "status/post folliculitis of the bilateral breasts." *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). Further, she can frequently climb ramps and stairs, stoop, crouch, kneel, and crawl. She can occasionally climb ladders, ropes, or scaffolds. She can occasionally tolerate exposure to extreme cold, extreme heat, humidity, and respiratory irritants such as fumes, odors, dust, gases, and poorly ventilated areas. She should avoid all exposure to hazards of unprotected heights and dangerous, unguarded machinery. She cannot tolerate any contact with the general public. She is capable of only superficial interaction with co-workers and supervisors. Superficial interaction is defined as occasional and casual contact not involving prolonged conversation or discussion of involved issues. Contact with supervisors still involves necessary instruction. She is not capable of sustaining work requiring a specific production rate such as assembly line work or work that requires hourly quotas. She is capable of using judgment to make simple work-related decisions, dealing with occasional changes in a routine work setting, and understanding, remembering, and carrying out simple instructions. She can perform tasks on a regular and sustained basis to complete a normal workday and week.

Tr. 18. The ALJ determined that Plaintiff was unable to perform any past relevant work but could perform other jobs that existed in significant numbers in the national economy. Tr. 23–24. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 25.

### III.    LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached by applying the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a

mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

IV.     **ANALYSIS**

On appeal, Plaintiff argues that the ALJ erred by (1) failing to properly evaluate the medical opinion of Travis Roberts, CRNP-PMH and (2) failing to provide valid reasons for discounting Plaintiff's testimony regarding her mental impairments. ECF 12, at 3–13. Defendant counters that the ALJ "was justifiably unpersuaded by [Mr.] Roberts's opinion" and that the ALJ complied with SSA regulations and policies in evaluating Plaintiff's testimony. ECF 14, at 10–17.

An ALJ "must follow certain procedures when assessing the weight to which medical opinions are entitled." *Adrianna S. v. Comm'r of Soc. Sec.*, No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022) (citing 20 C.F.R. §§ 404.1520c, 416.920c). Specifically, the ALJ must "articulate . . . how persuasive [the ALJ] finds each medical opinion." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 416.920c(b)). "Supportability and consistency are the most important factors when considering the persuasiveness of medical opinions." *Id.* (citing 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2)). Thus, the ALJ must "explain how [they] considered [these] factors" when assessing a medical opinion. *Id.* "Supportability generally refers to 'the objective medical evidence and supporting explanations provided by a medical source.'" *Id.* (quoting 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)). In assessing consistency, the ALJ considers the degree of cohesion between the medical opinion and "the evidence from other medical sources and nonmedical sources in the claim." *Id.* (quoting 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2)).

Here,  the ALJ considered the medical opinion of Travis Roberts, who opined that Plaintiff had "marked" and "extreme" limitations in 19 areas of mental functioning. Tr. 22, 623–24. The ALJ found Mr. Roberts's opinion unpersuasive for lack of supportability and consistency. Tr. 22. In addressing the opinion's supportability, the ALJ noted that the opinion was "minimally supported[,] with only a mention of the claimant's diagnoses." *Id.* In addressing consistency, the ALJ noted only that Mr. Roberts's opinion was "inconsistent with his own treatment records." *Id*.

As an initial matter, the ALJ did not err by considering the lack of alignment between Mr. Roberts's opinion and his treatment records. In addition to requiring an ALJ to consider supportability and consistency, SSA regulations direct an ALJ to consider factors that are not enumerated in the regulations if those factors "tend to support or contradict" a medical opinion. 20 C.F.R. §§ 404.1520c(c)(5), 416.920c(c)(5). Accordingly, the ALJ was entitled to find that Mr. Roberts's opinion was "less persuasive" on the basis that it contradicted Mr. Roberts's treatment notes. 20 C.F.R. §§ 404.1520c(c)(5), 416.920c(c)(5).

This analysis was nonetheless irrelevant to a proper evaluation of the consistency of Mr. Roberts's opinion. SSA regulations provide that "[t]he more consistent a medical opinion[] is with

*Marie T. v. O'Malley*
Civil No. 23-1320-CDA
May 10, 2024
Page 4

the evidence from other medical sources and nonmedical sources in the claim, the more persuasive [it] will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2); *see also* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5854 (Jan. 18, 2017) (to be codified at 20 C.F.R. pts. 404, 416) (explaining that "[a] medical opinion . . . that is inconsistent with evidence *from other sources*[] will not be persuasive" under sections 404.1520c(c)(2) and 416.920c(c)(2)) (emphasis added). The ALJ was thus required to consider whether Mr. Roberts's opinion was consistent with evidence from sources *other* than Mr. Roberts. Because the ALJ merely determined that Mr. Roberts's opinion was "inconsistent with his own treatment records," Tr. 22, the ALJ failed to provide the consistency analysis described in 20 C.F.R. §§ 404.1520c(c)(2) and 416.920c(c)(2). Thus, the ALJ contravened SSA regulations in reaching their decision.

The ALJ's failure to determine whether Mr. Roberts's opinion was consistent with evidence from other sources was not inconsequential. Mr. Roberts opined that Plaintiff possessed 19 "marked" and "extreme" limitations in mental functioning. Tr. 22, 623–24. Additionally, the ALJ acknowledged that Plaintiff's mental impairments could have met or equaled certain listed impairments if the ALJ had determined that Plaintiff possessed "one extreme limitation or two marked limitations in a broad area of functioning." Tr. 13. A finding that Plaintiff's impairments meet or equal a listed impairment would direct a conclusion that Plaintiff is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Therefore, remand is warranted because a proper evaluation of Mr. Roberts's opinion may alter this case's outcome.

Because the case is being remanded on this basis, the Court need not address Plaintiff's other argument. On remand, the ALJ is welcome to consider that argument and, if warranted, to adjust their decision accordingly. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

V.   **CONCLUSION**

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge